UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01902-FWS-ADS                    Date: July 22, 2024
Title: Hillary Evans v. Bekins Moving Solutions, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Melissa H. Kunig  | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| --- | --- |
| Not Present | Not Present |

**PROCEEDINGS: ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (1994) (citation and internal quotation marks omitted). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Thus, district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh*, 546 U.S. at 501. As relevant here, diversity jurisdiction requires complete diversity between the parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a); *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01902-FWS-ADS                                    Date: July 22, 2024
Title: Hillary Evans v. Bekins Moving Solutions, Inc. *et al.*

diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.").  If a party is a partnership, limited liability company or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members, in evaluating jurisdiction.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  If a party is a corporation, the court must consider both its state(s) of incorporation and principal place of business.  28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).  If a party is a natural person, the court must consider their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return.  *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).  "When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court."  *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985); *see also Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017) ("[T]he circuits have unanimously and repeatedly held that whether remand is proper must be ascertained on the basis of the pleadings at the time of removal.").

On April 24, 2023, Plaintiff Hillary Evans ("Plaintiff") filed a complaint in Orange County Superior Court.  (Dkt. 1 ¶¶ 1-2, Ex. A.)  On August 21, 2023, Plaintiff filed a First Amended Complaint ("FAC") in Orange County Superior Court.  (*Id.* ¶ 3, Ex. B.)  The FAC contains allegations against several defendants, including: (1) "Bekins Moving Solutions, a California Corporation;" (2) Bekins Moving & Storage, a California LLC;" (3) "Bekins Movers, a Pennsylvania Corporation;" (4) "Bekins Moving Solutions, Inc., a Nevada Corporation;" (5) "Bekins Moving and Storage, a California LLC," and (6) "DOES 1-100." (*Id.*, Ex. B at 2, 4.)  On October 9, 2023, Defendant Bekins Moving Solutions, Inc., removed the case to this court on the basis of 28 U.S.C. § 1332.  (*Id.* ¶ 6.)  The Notice of Removal states that Plaintiff is "a citizen of California" and that Defendant Bekins Moving Solutions, Inc., "is and, at all material times was, a corporation incorporated under the laws of Nevada, with its principal place of business in Florida." (*Id.* ¶¶ 7-8.)  The Notice of Removal does not sufficiently address the citizenship of any of the other Defendants, and the court finds it lacks sufficient information to determine whether it has diversity jurisdiction over this case.  Indeed,

**CIVIL MINUTES – GENERAL**                                                         **2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01902-FWS-ADS                              Date: July 22, 2024
Title: Hillary Evans v. Bekins Moving Solutions, Inc. *et al.*

the court notes that two of the defendants alleged in the FAC may be California entities which may impact the existence of diversity.

Accordingly, Defendant is **ORDERED TO SHOW CAUSE** in writing **on or before July 26, 2024**, why this case should not be remanded for lack of subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.") (citations omitted).  Failure to demonstrate a basis for the court's subject matter jurisdiction or comply with this order **will** result in this case being remanded to state court.  *See Arbaugh*, 546 U.S. at 514 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.").  Plaintiff **MAY RESPOND** to Defendant's response to the Order to Show Cause **ON OR BEFORE July 30, 2024**.

Initials of Deputy Clerk:  mku